FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 SEP -9 PM 12: 14

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

JOHN RICHARD YATES

CASE NO. 8:14-CR- 386T 30TBM
18 U.S.C. § 1341
18 U.S.C. § 1028A
18 U.S.C. § 1029
18 U.S.C. § 981(a)(1)(C) – Forfeiture
28 U.S.C. § 2461(c) – Forfeiture
18 U.S.C. § 982(a)(2)(B) – Forfeiture
18 U.S.C. § 1029(c)(1)(C) - Forfeiture

### INDICTMENT

The Grand Jury charges:

**COUNTS ONE THROUGH SIX**
(Mail Fraud – 18 U.S.C. § 1341)

A.  **Introduction**

At times material to this Indictment:

1. Tampa Bay was home to major sea ports, including the Port of Tampa Bay (formerly known as the Port of Tampa) and Port Manatee. The Port of Tampa Bay was Florida's largest cargo port.

2. As ports of entry, incoming cargo containers were subject to inspection by the United States Customs and Border Protection ("United States Customs"), which was a part of the United States Department of Homeland Security.

3. Federal Marine Terminals, Inc., ("FMT") was a foreign for-profit corporation. FMT served as a Marine Terminal Operator ("MTO"), servicing breakbulk, bulk, specialized, and general cargo needs. For ships docking in Tampa Bay, FMT operated two major facilities, one at the Port of Tampa Bay and one at the Port Manatee.

4. Among the operations of the Port of Tampa and elsewhere, United States Customs identified inbound import shipping containers for inspection, often inspecting them in what was called an inspection warehouse. Those Customs-identified containers were then moved from the ship to the inspection warehouse for the subsequent inspection. In Tampa, the physical process of moving the containers was done by FMT and, for its work, FMT would then submit an invoice to the shippers, billing them for the exam, transport to and from the exam warehouse, and facility charges.

5. The United States Postal Service ("Postal Service") was an independent establishment of the executive branch of the government of the United States of America. The Postal Service delivered mail throughout the United States.

6. Private or commercial interstate carriers also delivered mail throughout the United States, including in the Middle District of Florida. These carriers included:

    (a) United Parcel Service ("UPS")

    (b) TNT Express

    (c)    FedEx

    (d)    DHL

7. In July 2008, JOHN RICHARD YATES became a superintendent at FMT. As a superintendent, YATES was responsible for contacting customers and sending to them invoices for FMT services. Payments for FMT's services at the Port of Tampa Bay were supposed to be mailed to FMT's facility at Port Manatee at 600 Tampa Bay Way, Palmetto, Florida, 34221.

8. The Tampa Heatwave ("THW") was a girls' fast-pitch softball team. THW was not affiliated with FMT.

### B. The Scheme and Artifice

9. From at least as early as in and around May of 2008, and continuing through at least on and around July 31, 2012, in the Middle District of Florida, and elsewhere,

JOHN RICHARD YATES,

the defendant herein, knowingly and willfully devised and intended to devise a scheme and artifice

    (a)    to defraud; and,

    (b)    for obtaining money and property by means of false and fraudulent pretenses, representations, and promises relating to material facts.

### C. The Manner and Means

10. The manner and means by which YATES sought to accomplish the objects of the scheme included, among others:

(a) YATES would, and did, open a bank account in the name of THW Girls Fastpitch at the GTE Federal Credit Union;

(b) YATES would, and did, create and cause to be created materially false and fraudulent invoices to bill customers of FMT for the examinations of their cargo by United States Customs, transportation of their cargo to and from the exam warehouse, and facility charges. The material falsity included:

    i. the company submitting the bill was THW, instead of FMT;

    ii. the name of the person to contact, which was used without the authorization of that person;

    iii. the location to which the payment was meant to be remitted was to an address that was ultimately under the control of YATES; and

    iv. the entity to which the payment was required to be remitted was THW, not FMT;

(c) YATES would, and did, send and cause to be sent the false and fraudulent invoices to FMT's customers;

(d) YATES would, and did, cause to be mailed the payments by FMT's customers for the services that had been actually and purportedly rendered by FMT.

(e) YATES would, and did, deposit those payments into THW bank account;

(f) YATES would, and did, withdraw and spend the stolen funds for his benefit, not to the benefit of FMT; and

(g) YATES would, and did, misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice and the purpose of those acts.

### D. Execution and Attempt to Execute the Scheme

11. On or about the dates listed below in the Counts, for the purpose of executing and attempting to execute the aforementioned scheme and artifice

    (a) to defraud; and

    (b) for obtaining money and property by means of false, fictitious and fraudulent pretenses, representations and promises relating to material facts,

JOHN RICHARD YATES,

did knowingly cause to be delivered by the United States Postal Service, according to the direction thereon, some matter or thing, and did knowingly deposit and cause to be deposited, certain matters and things, as identified below, to be sent and delivered by commercial and interstate carriers, that is, causing mailings as described below:

### COUNT ONE

On or about February 15, 2011, YATES caused the mailing of a check made out to THW and in the amount of $507.00 from CBC Customhouse Brokers, Inc., in Bloomingdale, Illinois, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through UPS (tracking # 1ZR258801390776050). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on February 16, 2011.

## COUNT TWO

On or about August 10, 2011, YATES caused the mailing of a check made out to THW and in the amount of $507.00 from Transmodal Corporation in Ramsey, New Jersey, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through UPS (tracking # 1Z8W404Y0195004830). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on August 11, 2011.

## COUNT THREE

On or about August 10, 2011, YATES caused the mailing of a check made out to THW and in the amount of $507.00 from Power Link Logistics, Inc., in Torrance, California, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through TNT Express (tracking # 898793394). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on August 11, 2011.

## COUNT FOUR

On or about October 20, 2011, YATES caused the mailing of a check made out to THW and in the amount of $507.00 from Cahill & Dunn CHB, Inc., in Hampshire, Tennessee, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through the USPS (tracking # 9101969010383198963509). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on October 24, 2011.

## COUNT FIVE

On or about December 20, 2011, YATES caused the mailing of a check made out to THW and in the amount of $615.00 from Top Since Logistics, Inc., in Monterey Park, California, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through TNT Express (tracking # 641862756). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on December 21, 2011.

## COUNT SIX

On or about December 20, 2011, YATES caused the mailing of a check made out to THW and in the amount of $550.00 from Ameritrans World, Inc., in Miami, Florida, to where it was delivered at FMT (addressed to THW) in Tampa, Florida, through USPS Express Mail (tracking # EI130548093US). The check was deposited into checking account # XXXXX3689, THW Girls Fastpitch, on December 21, 2011.

All in violation of Title 18, United States Code, Section 1341.

## COUNTS SEVEN THROUGH TWELVE
(Aggravated Identity Theft – 18 U.S.C. § 1028A)

12. On or about the dates listed below, in the Middle District of Florida, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), specifically, mail fraud, in violation of Title 18, United States Code, Section 1341, as set forth in in the Counts of this Indictment as set forth below,

JOHN RICHARD YATES,

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person as defined by Title 18, United States Code, Section 1028(d)(7), specifically, the means of identification of real people, as set forth below:

| Counts | Means of Identification of | On or About Date | Related Count |
|---|---|---|---|
| Seven | B.L. | February 15, 2011 | One |
| Eight | B.L. | August 9, 2011 | Two |
| Nine | B.L. | August 9, 2011 | Three |
| Ten | B.L. | October 19, 2011 | Four |
| Eleven | B.L. | December 20, 2011 | Five |
| Twelve | B.L. | December 19, 2011 | Six |

All in violation of Title 18, United States Code, Sections 1028A.

**COUNT THIRTEEN**
(Access Device Fraud – 18 U.S.C. § 1029(a)(2))

A.  **Introduction**

At times material to this Indictment:

13.   JRC Transportation, Inc., was a multi-unit commodity carrier with over fifty offices across the United States and Canada.  JRC Transportation provided its customers with motor transport service.

14.   On or about February 2, 2013, YATES opened a bank account at GTE Federal Credit Union in the name of Yates Logistics.

### B. Count Thirteen

15. From in or about February 2013 and continuing through in or about October 2013, in the Middle District of Florida, and elsewhere,

JOHN RICHARD YATES,

the defendant herein, knowingly and with intent to defraud, used unauthorized access devices as defined in Title 18, United States Code, Sections 1029(e)(1) and (e)(3), during any one-year period, and by such conduct obtained anything of value aggregating to more than $1,000, said use affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(a)(i).

### COUNT FOURTEEN
(Aggravated Identity Theft – 18 U.S.C. § 1028A)

16. On or about the date listed below, in the Middle District of Florida, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(4), specifically, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), as set forth in in the Count Thirteen of this Indictment as set forth below,

JOHN RICHARD YATES,

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person as defined by Title 18, United States Code, Section 1028(d)(7), specifically, the means of identification of real people, as set forth below:

9

| Counts | Means of Identification of | On or About Date | Related Count |
|---|---|---|---|
| Fourteen | A.M. | August 30, 2013 | Thirteen |

In violation of Title 18, United States Code, Sections 1028A.

## FORFEITURE

1. The allegations contained in Counts One through Six and Thirteen of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2. Upon conviction of a violation of Title 18, United States Code, Section 1341, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of $270,279.50, representing the proceeds the defendant received as a result of the mail fraud scheme charged in Counts One through Six of the Indictment.

3. Upon conviction of a violation of Title 18, United States Code, Section 1029, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation

and, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of approximately $16,000.00, representing the proceeds the defendant received as a result of the access device fraud charged in Count Thirteen of the Indictment.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Thomas N. Palermo
Assistant United States Attorney

By: _____
Robert A. Mosakowski
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
APR 1991

No. 8:14-Cr

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

JOHN RICHARD YATES

## INDICTMENT

Violations:

18 U.S.C. §§ 1341, 1028A, 1029

A true bill,

_____Theresa D. Curry_____
Foreperson

Filed in open court this 9th day

of September, 2014.

_____
Clerk

Bail  $_____

GPO 863 525